OPINION.
{¶ 1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). Respondent-appellant Jeff Perkins ("Perkins") brings this appeal from the judgment of the Court of Common Pleas of Seneca County granting a stalking protection order to petitioner-appellee Richard Channing ("Channing").
 {¶ 2} On April 14, 2003, Channing filed a petition for a stalking civil protection order ("CPO") pursuant to R.C. 2903.214. Channing claimed that Perkins and Perkins' friends had been harassing him. Channing claimed that he had been told to "watch my back around him" so he had a rifle beside him while he was outside working on his truck. On April 1, 2003, Channing claimed that Perkins pulled into the parking area beside him and reached across the seat. Channing was afraid of what Perkins was going to do, so he fired the rifle into the air. Perkins then sped off and Channing got into his truck and gave chase. These events formed the basis for the CPO.
 {¶ 3} On April 22, 2003, and May 8, 2003, the trial court held a hearing on both Channing's CPO petition and a corresponding petition for a CPO filed by Perkins. The trial court granted Channing's petition for a CPO on May 9, 2003. The CPO required Perkins to have no contact with Channing or his property and to turn over all firearms to the sheriff. It is from this judgment that Perkins raises the following assignment of error.
The trial court erred in granting a [CPO] because [Channing] did not prove by a preponderance of the evidence that [Perkins] engaged in a pattern of conduct that knowingly caused [Channing] to believe that [Perkins] would cause physical harm or cause mental distress to [Channing].
 {¶ 4} The assignment of error alleges that the verdict was against the manifest weight of the evidence.
In considering a manifest-weight claim, "[t]he court, reviewing theentire record, weighs the evidence and all reasonable inferences,considers the credibility of witnesses and determines whether inresolving conflicts in the evidence, the jury clearly lost its way andcreated such a manifest miscarriage of justice that the conviction mustbe reversed and a new trial ordered. The discretionary power to grant anew trial should be exercised only in the exceptional case in which theevidence weighs heavily against conviction."
 State v. Lindsey (2000), 87 Ohio St.3d 479, 483, 721 N.E.2d 995. When witnesses present conflicting testimony, the determination of the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
The fact-finder * * * occupies a superior position in determiningcredibility. The fact-finder can hear and see as well as observe the bodylanguage, evaluate voice inflections, observe hand gestures, perceive theinterplay between the witness and the examiner, and watch the witness'sreaction to exhibits and the like. Determining credibility from a steriletranscript is a Herculean endeavor. A reviewing court must, therefore,accord due deference to the credibility determinations made by thefact-finder.
Id. at 529.
 {¶ 5} To grant a CPO, the evidence must show that the respondent engaged in a pattern of conduct for the purpose of causing another to believe that the offender will cause physical harm to the petitioner or to cause mental distress to the petitioner. R.C. 2903.211 and 2903.214. A pattern of conduct is two or more incidents closely related in time. R.C.2903.211.
 {¶ 6} In this case, Channing testified that there were several instances of harassment on his property that he believes were done by Perkins. However, Channing admitted that he was not positive that Perkins was the culprit. On April 1, 2003, Channing testified that Perkins drove off the road onto his property and came to a stop near him. Channing testified that Perkins had reached across the seat towards him and that he was afraid of what Perkins would do. Mrs. Channing testified that she saw Perkins leave the road on April 1, 2003, and pull near Channing. George Gahimer testified that he saw Perkins' car stopped on the gravel by Channing and that he saw Channing fire into the air. Other than this occurrence, Channing does not know if Perkins is responsible for any other incidents. Mrs. Channing also admitted that she did not know if Perkins was responsible for any of the harassment. Thus, the only evidence of activity by Perkins was that he pulled off the road by Channing and made an obscene gesture. This is only one incident. While it was a childish action, it is not necessarily a threat of physical harm or intended to cause mental distress. Without a pattern of conduct that can be found from the evidence as being performed by Perkins, the trial court erred in granting the CPO. The first assignment of error is sustained.
 {¶ 7} The judgment of the Court of Common Pleas of Seneca County is reversed.
Judgment reversed and cause remanded.
 SHAW and CUPP, JJ., concur.